United States District Court
Southern District of Texas
**ENTERED**
September 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOHN CASAS and CLAUDIA CASAS | § | |
| | § | |
| | § | CIVIL ACTION NO. 7:22-cv-00260; |
| | § | CIVIL ACTION NO. 7:22-cv-00263; |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00264; |
| | § | CIVIL ACTION NO. 7:22-cv-00265; |
| | § | and |
| | § | CIVIL ACTION NO. 7:22-cv-00268. |
| TRAVELERS PERSONAL INSURANCE | § | |
| and DOMINIQUE HERDT | | |

## OPINION AND ORDER

The Court now considers the Defendants' motions to preclude attorney's fees and motions for leave to amend their answers. Because Plaintiffs did not respond to the motions to preclude attorney's fees, they are unopposed by operation of this Court's Local Rule,[1] and all motions are ripe for the Court's considerations.

Substantively the same motions to preclude attorney's fees[2] and motions for leave to amend[3] were filed in all five cases. While the Court would ordinarily use the first case filed as the stand-in, the motion to preclude attorney's fees filed in 7:22-cv-260 does not include paragraph numbers as required by Federal Rule of Civil Procedure 10(b). Therefore, for clarity in addressing Defendants' arguments, this Opinion and Order will use 7:22-cv-263 as the stand-in. All references to docket entries herein will refer to that case unless otherwise stated.

---

[1] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[2] 7:22-cv-260, Dkt. No. 4; the rest, Dkt. No. 5.
[3] 7:22-cv-260, 263, Dkt. No. 11; the rest, Dkt. No. 10.

## I. BACKGROUND AND PROCEDURAL HISTORY

Mr. and Mrs. Casas ("Plaintiffs") commenced this case on July 6, 2022, in state court against Defendants (collectively, "Defendants") Travelers Personal Insurance Company (individually, "Travelers") and Dominique Herdt (individually, "Ms. Herdt"). The suit alleges breach of contract, violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), violations of the Texas Insurance Code, and violation of the common law duty of good faith.[4] Factually, Plaintiffs claim that Defendants failed to pay under the parties' insurance policy for damage to their Edinburg, Texas, property caused by Hurricane Hanna on or about July 25, 2020.[5] Defendants filed their answer in state court on August 2, 2022,[6] and Travelers removed to this Court on August 9, 2022.[7]

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332. Plaintiffs are individuals living in Texas,[8] and are therefore citizens of Texas.[9] Travelers is a Connecticut corporation with its principal place of business in Connecticut.[10] Ms. Herdt is a citizen of Arizona.[11] Accordingly, the parties are completely diverse.[12]

Plaintiffs seek monetary relief "over $250,000 but no more than $1,000,000."[13] Therefore, it is "facially apparent"[14] that Plaintiffs' claims are for more than the jurisdictional threshold of

---

[4] Dkt. No. 1-3 at 8-27.
[5] *Id.* at 4.
[6] Dkt. No. 1-7.
[7] Dkt. No. 1.
[8] Dkt. No. 1-3 at 2.
[9] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).
[10] Dkt. No. 1-7 at 2.
[11] Dkt. 1-3 at 2, ¶ 4.
[12] *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).
[13] Dkt. No. 1-3 at 1, ¶ 2.
[14] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

$75,000 set by 28 U.S.C. § 1332(a). Accordingly, the Court agrees with Defendants that jurisdiction is proper in this Court.[15]

### B. Legal standard

#### 1. Preclusion of Attorney's Fees

In an insurance case, a plaintiff "must provide written notice to the other person not later than the 61st day before the date the action is filed."[16] The statute contains two exceptions for impracticability: where there is insufficient time before the statute of limitations will expire, and where the action is a counterclaim.[17]

If a plaintiff does not provide presuit notice and an exception does not apply, the plaintiff forfeits "any attorney's fees incurred after the date the defendant files the pleading [to preclude attorney's fees] with the court."[18] That pleading must be filed within 30 days of the defendant's answer.[19] The defendant bears the burden to plead and prove that it was entitled to presuit notice and did not receive it.[20] Once defendant meets its burden, however, relief is mandatory; the court "may not award" the precluded attorney's fees.[21]

#### 2. Leave to Amend Answer

After the deadline to amend a pleading as a matter of course,[22] "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

---

[15] *See* Dkt. No. 1.
[16] TEX. INS. CODE § 541.154(a); *see also* TEX. INS. CODE § 542A.003(a).
[17] *Id.* §§ 541.154(c), 542A.003(c).
[18] *Id.* § 542A.007(d).
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *See* FED. R. CIV. P. 15(a)(1).

freely grant leave when justice so requires."[23] "Leave to amend is in no way automatic, but the district court must possess a substantial reason to deny a party's request for leave to amend."[24]

In determining whether to allow leave to amend a pleading, courts examine whether there is (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[25] Absent such factors, the Court should freely grant the requested leave.[26]

### C. Analysis

#### 1. Preclusion of Attorney's Fees

Here, the Court finds that Plaintiffs did not supply presuit notice to Defendants. In the instant motion, Travelers alleges that Plaintiffs failed to send presuit notice,[27] and Plaintiffs did not respond to the motion.

In their complaints, Plaintiffs essentially admit the alleged failure. In their original petition, Plaintiffs oddly state that "[a]s required by §§ 541.154 and 542A.003 of the Texas Insurance Code, Plaintiffs did *not* give Defendant TRAVELERS written pre-suit notice."[28] In their first amended complaint, they state that they *will* give presuit notice.[29] But future tense makes little sense here because the point of *pre*-suit notice is that it comes before the action is filed.

Travelers maintains that neither exception[30] to the notice requirement applies in this case. Plaintiffs' claims are clearly not counterclaims, so the second exception does not apply. As to the

---

[23] FED. R. CIV. P. 15(a)(2).
[24] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted).
[25] *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir.) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), *cert. denied*, 139 S. Ct. 274 (2018).
[26] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[27] Dkt. No. 5 at 2, ¶ 4.
[28] Dkt. No. 1-3 at 16, ¶ 79 (emphasis added).
[29] Dkt. No. 1-6 at 16, ¶ 79.
[30] TEX. INS. CODE §§ 541.154(c), 542A.003(c).

first exception—insufficient time before the statute of limitations runs—Travelers points out that Plaintiffs' claim would be barred on August 5, 2022,[31] but Plaintiffs retained counsel by May 25, 2021.[32] Thus, the Court finds that there was sufficient time to provide presuit notice before the statute of limitations expired.

As a result, Travelers requests that "this Court order that Plaintiff is not entitled to recover attorney's fees incurred after August 2, 2022, the date Travelers' Original Answer was filed."[33] But that is not the right date. The statute precludes attorney's fees "incurred after the date the defendant files the pleading" and it makes clear that this "pleading" is not the answer by saying that "[a] pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer."[34] Thus, for purposes of precluding attorney's fees, the important date is the filing of the instant motion.[35]

    2. <u>Leave to Amend Answer</u>

The Court finds none of the warning factors present here. Defendants do not seek amendment in bad faith or with dilatory motive. Amendment here will not result in any significant delay. Moreover, the Court finds Defendants' amendment would not prejudice Plaintiffs, especially considering Plaintiffs' lack of opposition to the motion. Defendants' amendment would not be futile, as Defendants would have the opportunity to file an answer in conformity with federal pleading requirements.

---

[31] Dkt. No. 5 at 3, ¶ 8.
[32] Dkt. No. 5-2 at 3.
[33] Dkt. No. 5 at 4.
[34] TEX. INS. CODE § 542A.007(d).
[35] Dkt. No. 5.

### III. CONCLUSION

The Court therefore **GRANTS** Defendants' motions. The Court hereby **ORDERS** that Plaintiffs are not entitled to recover attorney's fees incurred after August 12, 2022, in 7:22-cv-260, after August 16, 2022, in 7:22-cv-263 and 264, and after August 17, 2022, in 7:22-cv-265 and 268. Furthermore, the Clerk of Court is hereby **ORDERED** to enter "Defendants' First Amended Answer"[36] as a separate docket entry on the Court's docket.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 30th day of September 2022.

                                                                  Micaela Alvarez
                                                         United States District Judge

---

[36] 7:22-cv-260, Dkt. No. 11-1;
7:22-cv-263, Dkt. No. 11-1;
7:22-cv-264, Dkt. No. 10-1;
7:22-cv-265, Dkt. No. 10-1; and
7:22-cv-268, Dkt. No. 10-1.